Common Pleas Court of Franklin County.

### JACOB YAEKLE v. CHRISTIAN F. JAEGER ET AL.

Decided, March 17, 1909.

*Bills of Exceptions—Constitute a Part of the Record—Can not be Withdrawn Permanently from the Files—Sections 5301, 5301a, 5302, 5242a and 6716.*

Inasmuch as a bill of exceptions is an original paper in a case and a part of the record, a court will order that it be returned to the files, upon being informed that it has been taken away with the intention of withdrawing it pemanently, notwithstanding it was ordered and paid for by the party who has withdrawn it.

*Pugh & Pugh,* for plaintiff.
*Huggins, Huggins & Johnson,* contra.

BIGGER, J.

In this case a motion has been filed by counsel who are employed to prosecute another action against the defendant, and as I understand the situation, they ask for a bill of exceptions taken in this case and upon which error was prosecuted to the circuit court, and which bill has been withdrawn by the defendant from the files, to be restored to the files.

It was stated on the hearing of the motion that the moveant desired to use the bill for some purpose. It seems that the case has been remanded to this court by the circuit court, so that the papers are now in the custody and under the control of this court.

It is the claim of the defendant that the bill of exceptions having been taken by the defendant and paid for by him, that the same is the private property of the defendant and that he has a right to withdraw the same and can not be required to return it to the files.

The question presented is a somewhat novel one in practice. I do not see that a party in another suit has any right to the use of such a bill of exceptions which he can assert. But however that maybe, I have no doubt that an officer of the court could by motion call the attention of the court to the fact that its

files have been mutilated, and that in such case it would be the duty of the court, if the papers withdrawn are a part of the complete record of the case, to require the papers to be restored to the files. It is clearly the duty of the court to preserve its records. It is important to the rights of parties to suits in court that a record of the proceedings be preserved. The law contemplates that complete record in each case shall be made and makes this duty mandatory upon the clerk, unless the same be duly waived. Where a complete record has not for any reason been made by the clerk, the original papers in the case may be used in lieu of such complete record. *Kinkead's Practice*, 199; 6th Ohio, 426-427; 18th Ohio, 469; 18th Ohio, 535; 80th Ill., 513.

But it is urged that the bill of exceptions is not a part of the record of the case. Until the amendment to the statute in 1902 of Sections 5301, 5301a and 5302 of the Revised Statutes, it has always been held in this state that it was necessary to enter an order on the journal to make the bill of exceptions a part of the record. But the Supreme Court of this state has decided that the result of such amendment was to make the bill of exceptions an original paper within the meaning of Section 6716, Revised Statutes, and that a journal entry ordering such bill to be made a part of the record is not necessary in order to entitle it to be considered by the reviewing court. *Straugh* v. *The Mass'llon Stoneware Co.*, 71 O. S., 295.

The effect of this decision is that, without an order making a bill of exceptions a part of the record, it is an original paper in the case and part of the record.

It does not seem to me that there is any force in the argument that because a party has paid for a bill of exceptions he is entitled to withdraw it permanently from the files. Parties pay for all the papers they file in the case. Furthermore, under the law of this state a motion may be made in the circuit court to vacate or modify the judgment rendered there for any cause stated in that statute, Section 5354, and in such case how would the court review the case if the bill of exceptions be withdrawn from the files? In case the court upon such rehearing should set aside its former judgment and order a retrial of the action, then in case of the death of any witness who formerly testified, who is now insane or is a non-resident, the statute (Section 5242a)

authorizes the use of the bill of exceptions to prove the testimony of such dead, insane or absent witness, and it is only where no such bill of exceptions was taken that resort may be had to other evidence to prove what he testified to.

As this is a question of practice it has been decided upon consultation with my associates, who unanimously concur in this decision. The bill of exceptions is therefore ordered restored to the files.